1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JAMES L. PERKINS,                           )   Case No. CV 12-0634 RNB
                                            )
                      Plaintiff,            )
                                            )
        vs.                                 )   ORDER REVERSING DECISION OF
                                            )   COMMISSIONER AND REMANDING
                                            )   FOR FURTHER ADMINISTRATIVE
MICHAEL J. ASTRUE,                          )   PROCEEDINGS
Commissioner of Social Security,            )
                                            )
                      Defendant.            )
                                            )

        Plaintiff filed a Complaint herein on January 24, 2012, seeking review of the
Commissioner's denial of his applications for disability insurance and Supplemental
Security Income benefits.  In accordance with the Court's Case Management Order,
the parties filed a Joint Stipulation on September 21, 2012.  Thus, this matter now is
ready for decision.[1]

---

    [1]     As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the administrative
record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance
with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
which party is entitled to judgment under the standards set forth in 42 U.S.C. §
405(g).

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

      1.    Whether the Administrative Law Judge ("ALJ") properly considered the opinions of the examining physician and the state agency physician.

      2.    Whether the ALJ properly considered plaintiff's testimony.

**DISCUSSION**

**A.**    **Reversal is warranted based on the ALJ's failure to properly consider the examining physician's opinion.**

The first part of Disputed Issue No. 1 is directed to the ALJ's consideration of the August 7, 2009 opinion of the examining psychiatrist, Dr. Ernest Bagner, that plaintiff had moderate to marked limitations in the ability to perform work-related mental functions. (See Jt Stip at 8, 10; AR 257.) The sole reason given by the ALJ for not crediting this opinion was that Dr. Bagner had reviewed plaintiff's medical records only up to March 2009, and therefore had not reviewed subsequent records from November and December 2009 that indicated general improvement in plaintiff's condition. (See AR 25; see also AR 254-55.)

To reject the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. Even if contradicted by another doctor, the opinion of an examining doctor can only be rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record. See Regennitter v. Commissioner, 166 F.3d 1294,1298-99 (9th Cir. 1999); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, Dr. Bagner's opinion was contradicted by the opinion of the State Agency review physician, Dr. M. Salib, who opined that plaintiff had no more than

2

1  moderate limitations in the ability to perform work-related mental functions. (<u>See</u> AR
2  263-64, 274.)  However, the Court finds that the fact that records from November and
3  December 2009 indicated general improvement in plaintiff's condition does not
4  constitute a "specific and legitimate" reason for rejecting Dr. Bagner's opinions when
5  there also was evidence in the record that plaintiff's mental symptoms had not
6  permanently improved, but rather had subsequently relapsed and necessitated
7  increases in his medication dosages.  (<u>See</u> AR 309-12.)

8

9  **B.     Reversal also is warranted based on the ALJ's failure to properly consider**
10         **the State Agency physician's opinion.**

11         The second part of Disputed Issue No. 1 is directed to the ALJ's consideration
12  of Dr. Salib's opinion that plaintiff had "the capacity to perform simple work-related
13  tasks for as long as contact with co-workers and the public is reduced in a **low stress**
14  **environment**."  (<u>See</u> Jt Stip at 9; AR 265 (emphasis added).)

15         In her administrative decision, the ALJ found that Dr. Salib's opinion was
16  "well-supported by the updated medical evidence of record" and thus credited it with
17  "significant weight."  (<u>See</u> AR 25.)  However, the ALJ failed to include Dr. Salib's
18  specific limitation of plaintiff to a "low stress environment" in either her
19  determination of plaintiff's residual functional capacity ("RFC") or her hypothetical
20  questions to the vocational expert at the administrative hearing.  (<u>See</u> AR 24, 55-56.)
21  Moreover, the ALJ provided no explanation for her omission of this limitation.

22         "[S]tress is not a characteristic of a job, but instead reflects an individual's
23  subjective response to a particular situation."  <u>See</u> <u>Lancellotta v. Sec. of HHS</u>, 806
24  F.2d 284, 285 (1st Cir. 1986); <u>see also</u> <u>Clifford v. Apfel</u>, 227 F.3d 863, 869 n.2 (7th
25  Cir. 2000) ("The use of the term 'low stress' is somewhat of a misnomer because
26  stress lies in the individual not in the job.").  Social Security Ruling ("SSR") 85-15
27  states that a person's ability to cope with stress in the workplace is a "highly
28  individualized" condition that requires "thoroughness in evaluation on an

individualized basis." <u>See</u> SSR 85-15 at *5. Moreover, any limitations created by a person's response to stress in the workplace "must be reflected in the RFC assessment." <u>See</u> SSR 85-15 at *6. The Court therefore finds that the ALJ erred in failing to make an individualized evaluation of the effects of stress on plaintiff's ability to work and/or in failing to include this additional limitation in her RFC assessment. <u>See</u> <u>Lancellotta</u>, 806 F.2d at 285 (finding error where the ALJ "made no findings on the nature of [plaintiff's] stress, the circumstances that trigger it, or how those factors affect his ability to work"); <u>Weiler v. Shalala</u>, 922 F. Supp 689, 700 (D. Mass. 1996) ("The ALJ failed to adequately consider the effects of stress on [plaintiff's] ability to perform her [past relevant work].")

The Commissioner argues that the ALJ's omission of this limitation was harmless because the ALJ did ask the vocational expert about the effect of a restriction against any fast-paced work, and because the vocational expert's response indicated that there remained a significant number of jobs in the national economy that plaintiff could perform. (<u>See</u> Jt Stip at 13; <u>see also</u> AR 56.) To the extent that the Commissioner is arguing that a preclusion against fast-paced work adequately addressed plaintiff's limitations, the Court disagrees. The Commissioner has provided no authority for the proposition that a restriction against "fast-paced work" adequately captures a limitation to a "low stress environment." In fact, the Commissioner's own policy statement indicates that the restrictions of a particular type of job and a person's individualized ability to cope with stress from such jobs should not be conflated. <u>See</u> SSR 85-15 at *6 ("[T]he skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job."). The Court therefore is unable to find that the ALJ's failure to include this additional limitation in her hypotheticals to the vocational expert was harmless error. <u>See</u> <u>Felver v. Barnhart</u>, 243 F. Supp. 2d 895, 906-07 (N.D. Ind. 2003) ("[N]ot having fully painted this vocational picture, the

4

1  ALJ failed to elicit testimony from the VE directed to the Plaintiff's particular stress-
2  causing condition or conditions").

3

4  **C.    Reversal also is warranted based on the ALJ's failure to make a proper**
5         **adverse credibility determination.**

6         Disputed Issue No. 2 is directed to the ALJ's adverse credibility determination
7  with respect to plaintiff's subjective pain and symptom testimony. (See Jt Stip at 14-
8  18.)

9         An ALJ's assessment of pain severity and claimant credibility is entitled to
10  "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman
11  v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where
12  the claimant has produced objective medical evidence of an impairment which could
13  reasonably be expected to produce some degree of pain and/or other symptoms, and
14  the record is devoid of any affirmative evidence of malingering, the ALJ may reject
15  the claimant's testimony regarding the severity of the claimant's pain and/or other
16  symptoms only if the ALJ makes specific findings stating clear and convincing
17  reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see
18  also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12
19  F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

20        Here, plaintiff testified that he was unable to work because he heard voices
21  regularly and because medication did not help. (See AR 43-45.) Petitioner also
22  testified that he had a prior head injury, a blood clot in his left leg, and back pain.
23  (See AR 47-48, 53.) The ALJ credited plaintiff's subjective complaints only to the
24  extent that they were consistent with her RFC determination (i.e., light work with
25  additional environmental and non-exertional limitations). (See AR 26.)

26        Preliminarily, the Court notes that the ALJ's adverse credibility determination
27  suffers from a fundamental error. Although the ALJ seemingly acknowledged the
28  "two-step process" for evaluating subjective pain and symptom testimony in her

5

1  decision (see AR 24), nowhere in her decision did the ALJ make an explicit

2  determination with respect to the first step of her credibility analysis (i.e., whether

3  plaintiff had presented objective medical evidence of an underlying impairment

4  which could reasonably be expected to produce some degree of pain and/or other

5  symptoms). (See AR 24-25.)  The Court finds that the ALJ's failure to make this

6  threshold determination, especially in light of the ALJ's finding that plaintiff had

7  several impairments, constituted a failure to apply the correct legal standard in

8  assessing plaintiff's subjective pain and symptom testimony.  See Lingenfelter v.

9  Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (to determine whether a claimant's

10  subjective symptom testimony is credible, the ALJ must engage in a two-step

11  analysis, the first of which requires determining "whether the claimant has presented

12  objective medical evidence of an underlying impairment 'which could reasonably be

13  expected to produce the pain or other symptoms alleged'") (quoting Bunnell, 947

14  F.2d at 344); Smolen, 80 F.3d at 1281-82 (first stage of credibility analysis involves

15  threshold determination of whether a claimant produced objective medical evidence

16  of an underlying impairment which could reasonably be expected to produce some

17  degree of symptom); see also Craig v. Chater, 76 F.3d 585, 596 (4th Cir. 1996)

18  (reversible error for ALJ to fail to expressly consider threshold question of whether

19  claimant had demonstrated by objective medical evidence an impairment capable of

20  causing the degree and type of pain alleged).

21        Moreover, neither of the two reasons proffered by the ALJ for generally

22  rejecting plaintiff's subjective pain and symptom testimony constituted a legally

23  sufficient reason on which the ALJ could properly rely in support of her adverse

24  credibility determination.  First, the ALJ found that "the record suggests that

25  plaintiff's mental symptoms had improved with adequate treatment, medication

26  compliance, and abstinence from substance abuse" and referenced plaintiff's

27  successful participation in drug rehabilitation.  (See AR 24-25.)  However, this

28  conclusion about what the record "suggests" fails to explain with adequate specificity

6

1    how the evidence undermined plaintiff's statements about his mental symptoms. See
2    Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (ALJ's credibility finding
3    that the "record in general indicates improvement" was not supported by substantial
4    evidence because "general findings are an insufficient basis to support an adverse
5    credibility determination"); see also Parra v. Astrue, 481 F.3d 742, 750 (9th Cir.
6    2007) ("The ALJ must provide 'clear and convincing' reasons to reject a claimant's
7    subjective testimony, by specifically identifying 'what testimony is not credible and
8    what evidence undermines the claimant's complaints.'") (quoting Lester v. Chater,
9    81 F.3d 821, 834 (9th Cir. 1995)), cert. denied, 552 U.S. 1141 (2008); Fair v. Bowen,
10   885 F.2d 597, 602 (9th Cir. 1989) ("In order to disbelieve a claim of excess pain, an
11   ALJ must make specific findings justifying that decision."). Moreover, the Court is
12   unable to reconcile the ALJ's finding about plaintiff's improvement with the other
13   evidence of record cited above that plaintiff's mental symptoms had not permanently
14   improved, but rather had subsequently relapsed and necessitated increases in his
15   medication dosages.

16        Second, the ALJ found that plaintiff's "history of substance abuse, at a
17   minimum, does not enhance his credibility." (See AR 25.) However, plaintiff's
18   history of substance abuse by itself was not a clear and convincing reason to discredit
19   his testimony because it had little bearing on whether plaintiff testified truthfully
20   about his subjective symptoms. See Woodsum v. Astrue, 711 F. Supp. 2d 1239, 1262
21   (W.D. Wash. 2010) ("discounting plaintiff's credibility because of her substance
22   abuse . . . history was improper, given that it bears little relevance to plaintiff's
23   tendency to tell the truth"). Although the Commissioner cites legal authority for the
24   proposition that a plaintiff's lack of candor or inconsistent statements about drugs and
25   alcohol could be a legally sufficient reason to support an adverse credibility
26   determination (see Jt Stip at 18), the Commissioner has failed to cite any evidence in
27   the record that plaintiff lacked candor or made inconsistent statements about his
28   substance abuse. In any event, since the ALJ did not rely on this lack of candor or

1  inconsistency as a reason for not crediting plaintiff's subjective symptom testimony,
2  the Court is unable to consider it as a basis for upholding the ALJ's adverse
3  credibility determination.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.
4  2003); Ceguerra v. Sec'y of Health and Human Svcs., 933 F.2d 735, 738 (9th Cir.
5  1991).

7  **CONCLUSION AND ORDER**

8      The law is well established that the decision whether to remand for further
9  proceedings or simply to award benefits is within the discretion of the Court.  See,
10 e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at
11 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted
12 where additional administrative proceedings could remedy defects in the decision.
13 See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at
14 635.  Remand for the payment of benefits is appropriate where no useful purpose
15 would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d
16 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v.
17 Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily
18 delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

19     Weighing in favor of a remand for further administrative proceedings here is
20 the fact that this is not an instance where no useful purpose would be served by
21 further administrative proceedings.  Rather, additional administrative proceedings
22 conceivably could remedy the defects in the ALJ's decision.

23     The Court is mindful of Ninth Circuit case authority holding that "the district
24 court should credit evidence that was rejected during the administrative process and
25 remand for an immediate award of benefits if (1) the ALJ failed to provide legally
26 sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that
27 must be resolved before a determination of disability can be made; and (3) it is clear
28 from the record that the ALJ would be required to find the claimant disabled were

1    such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004);

2    see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S.

3    1038 (2000)[2]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human

4    Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988).   Under the foregoing case

5    authority, when this test is met, the Court will take the improperly discredited

6    testimony as true and not remand solely to allow the ALJ another opportunity to make

7    specific findings regarding that testimony.  However, in Connett, 340 F.3d at 876, the

8    panel held that the "crediting as true" doctrine was not mandatory in the Ninth

9    Circuit.  There, the Ninth Circuit remanded for reconsideration of the claimant's

10   credibility where the record contained insufficient findings as to whether the

11   claimant's testimony should be credited as true.  See id.

12          Based on its review and consideration of the entire record, the Court has

13   concluded on balance that a remand for further administrative proceedings pursuant

14   to sentence four of 42 U.S.C. § 405(g) is warranted here.  Accordingly, IT IS

15   HEREBY ORDERED that Judgment be entered reversing the decision of the

16   Commissioner of Social Security and remanding this matter for further administrative

17   proceedings.[3]

18

19   DATED:  October 5, 2012

20

21                                        _____

22                                        ROBERT N. BLOCK
                                          UNITED STATES MAGISTRATE JUDGE
23

24

25          [2]     In Harman, the Ninth Circuit noted that this three-part test "really

26   constitutes a two part inquiry, wherein the third prong is a subcategory of the

27   second."  Harman, 211 F.3d at 1178 n.7.

28          [3]     It is not the Court's intent to limit the scope of the remand.

9